UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA A. COLBERT | : |
| vs. | : No. |
| | : **JURY TRIAL DEMANDED** |
| IMMACULATA UNIVERSITY | : |

**CIVIL ACTION COMPLAINT**

Parties

1.  The Plaintiff, Patricia Colbert, is an adult individual who resides at 107 Bradford Avenue, Downingtown, PA 19335.

2.  The defendant, Immaculata University, is a university registered to transact business in the Commonwealth of Pennsylvania and has a place of business located at 1145 King Road, P.O. Box 653, Immaculata, PA 19345.

Jurisdiction

3.  This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

1

Facts

4. Plaintiff was first employed by defendant on or about January 14, 2008.

5. Plaintiff's position was a Housekeeper at all times material hereto.

6. At all times material hereto, plaintiff suffered from a torn meniscus in her left knee which qualified as a serious health condition pursuant to the FMLA.

7. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more employees.

8. On December 16, 2013, plaintiff was an eligible employee under the FMLA because she was employed by defendant for more than one year and she worked at least 1250 hours in the 12 months prior to December 16, 2013.

9. On December 16, 2013, plaintiff was entitled to take up to 12 work weeks of FMLA leave in that she had not taken any FMLA leave in the previous 12 months.

10. Between December 16, 2013 and January 14, 2014, plaintiff took FMLA protected leave related to her aforementioned serious health condition.

11. Plaintiff provided notice of the aforesaid FMLA leave as soon as practicable.

12. Defendant did not request a certification with reference to plaintiff's request for FMLA leave.

13. At all times material hereto, plaintiff made good faith efforts to notify the defendant that she was unable to return to work during the period of her disability.

14. On or about January 8, 2014, while plaintiff was still on FMLA protected leave, defendant notified plaintiff that she was being terminated because of her purported failure to notify defendant of her return date from FMLA leave.

15. The defendant's proffered reason for plaintiff's termination was false and was a violation of the FMLA because plaintiff acted in good faith to notify defendant of her need for FMLA leave pursuant to the FMLA, including but not limited to:

a) Plaintiff called out of work from December 16, 2013 through December 18, 2013 because of knee pain;

b) Plaintiff spoke to her supervisor, Julie Wjoes (defendant's agent) on December 18, 2013 and advised her that she was to undergo surgery on December 26, 2013 and that she would have to stay out of work until after the "holidays;"

c) On December 18, 2013, plaintiff gave a doctor's note to Ms. Wjoes which also stated that plaintiff would not be able to return to work until after the Christmas Holidays;

d) On December 20, 2013, plaintiff spoke to Cathy Tassin (defendant's Director of Human Resources) and told her that she would be out of work because of her knee surgery on December 26, 2013 and that if she was unable to return to work right away, she would need paperwork for short term disability;

e) Plaintiff was not expected to work between December 25, 2013 and January 1, 2014 because the school was closed to the students during this time period;

f) On January 2, 2014, the first day after the winter break, plaintiff called for Ms. Tassin and was unable to get her on the phone, but she left a voice mail asking for short term disability paperwork because she was unable to return to work at that time;

g) Plaintiff saw her surgeon for a follow-up appointment on January 6, 2014 and he did not give her the clearance to return to work and told her to come back on January 14, 2014 for a second follow-up;

h) Plaintiff never heard back from Ms. Tassin, so she called Ms. Tassin on January 8, 2014 to check the status of the short term disability paperwork; and

i) On January 8, 2014, once plaintiff got Ms. Tassin on the phone, Ms. Tassin notified the plaintiff that was no longer employed because of being "no call/no show", and plaintiff responded that she called on January 2, 2014 and left a message informing her that she was unable to return to work and needed disability paperwork, but Ms. Tassin denied receiving the January 2, 2014 message.

16. Based upon the foregoing, plaintiff made reasonable good faith efforts to advise defendant that she continued to be on FMLA protected leave through January 8, 2014 and that she made these efforts as soon as was practicable. Not only did plaintiff call in and leave a detailed message on January 2, 2014 (the first day that she was able to do so), but she also spoke directly to Ms. Tassin on January 8, 2014 and let her know that she was still unable to return to work at that time.

17. Despite plaintiff's notification to Ms. Tassin that she remained unable to work through January 8, 2014, which gave clear notice that plaintiff remained protected pursuant to the FMLA, Ms. Tassin did not reconsider her

5

decision to terminate the plaintiff. To the contrary, Ms. Tassin adamantly and intentionally stood by her unlawful decision to terminate the plaintiff.

18. On her follow-up visit of January 14, 2014, plaintiff was finally released by her surgeon to return full duty without restrictions starting on January 15, 2014.

19. The length of plaintiff's FMLA protected leave did not exceed 12 weeks in duration in the 12 month period prior to January 15, 2014.

20. Plaintiff's treating physicians were health care providers as defined by the FMLA.

21. Plaintiff was diagnosed with a serious health condition during her aforesaid FMLA protected leave which rendered her unable to perform the functions of her position, and she was placed on a plan of continuing treatment by her health care providers including surgery, prescription medication and bed rest.

COUNT 1- FMLA

22. Plaintiff incorporates by reference paragraphs 1-21 below.

23. Defendant and its agents violated the FMLA by terminating plaintiff because she exercised her rights under the FMLA and took FMLA leave.

24. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA leave.

25. Defendant and its agents violated the FMLA by discriminating against plaintiff for taking FMLA leave.

26. Defendant unlawfully interfered with plaintiff's FMLA rights by denying her right to return to work after her FMLA leave had ended.

27. As a direct result of defendant's unlawful termination of plaintiff's employment as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost compensation, including but not limited to lost pay, lost benefits and other financial losses.

28. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has been unsuccessful in her efforts to find equivalent employment to date.

29. Part of plaintiff's benefit losses included a waiver of college tuition for her two children who attended

Immaculata University, a value of about $28,000.00 annually per child.

30. Plaintiff is entitled to recover actual damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost by reason of the violations set forth above, the interest on these losses calculated at the prevailing rate; and an additional amount as liquidated damages equal to the sum of the actual damages and interest.

31. Defendant cannot prove that its violations of the FMLA as set forth herein above were done in good faith or that it had reasonable grounds for believing its actions were not a violation of the FMLA.

32. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

33. Plaintiff is entitled to reinstatement of her employment.

WHEREFORE, plaintiff demands that judgment be entered in her favor against defendant for damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost by reason of the violations set forth above, the interest on these losses calculated at the

prevailing rate; and an additional amount as liquidated damages equal to the sum of the damages and interest, reasonable attorneys fees, costs, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
--------

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
215-546-6033 (o)
215-546-6269 (f)
Samueldion@aol.com
Attorney for Plaintiff